No. 680 December 28, 2023 723

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. J.,
*Appellant.*

Umatilla County Circuit Court
23JU00033; A181642

Eva J. Temple, Judge.

Submitted December 4, 2023.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Mother appeals a juvenile court judgment asserting jurisdiction over her eight-year-old daughter, B, pursuant to ORS 419B.100(1)(c). Upon filing its dependency petition following B's hospitalization for injuries suffered while in mother's care, the Department of Human Services placed B with mother's sister. Rather than challenging directly the various bases asserted to support the need for dependency jurisdiction, mother asserts that jurisdiction was not proper given mother's acquiescence to that placement. She argues that because there was no evidence that B would not be safe with mother's sister, the department failed to establish a basis for dependency jurisdiction, and she urges us to reverse or, alternatively, to remand for reconsideration based on the totality of B's circumstances. Because the record does not support that mother has made a plan that eliminates the threat of serious loss or injury to B, we affirm.

We state the facts necessary to understand our decision in the light most favorable to the juvenile court's disposition and assess whether, viewing the evidence as "supplemented and buttressed by permissible derivative inferences," the record is legally sufficient to permit its imposition of jurisdiction. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639-40, 307 P3d 444 (2013). Neither party has sought *de novo* review.

B came into care following an incident in which she was found unconscious and was transported to a local hospital. After a few hours in the emergency room, she was transferred by helicopter to a Portland hospital and ultimately tested positive for fentanyl. Circumstances in the home where they were living were chaotic, as was mother's behavior during the incident and its aftermath. Following her release from the hospital, B was placed with mother's sister, who continued to serve as B's resource parent. At the time of the jurisdictional hearing, mother was living in an apartment with no electricity or heat and had been attending supervised visits with B at the department's office.

The juvenile court took dependency jurisdiction based on allegations that mother's substance abuse

interferes with her ability to safely parent, mother exposing B to persons who are actively using substances and involved in criminal activities, B's exposure to fentanyl or other dangerous substances while in mother's care, mother's inability or unwillingness to protect B from unsafe caregivers, and her failure to maintain a safe environment for B. On appeal, mother does not challenge the sufficiency of the evidence supporting those factual allegations, which provide an adequate basis for dependency jurisdiction on this record. *See Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61-62, 308 P3d 307 (2013) (a child's welfare is endangered if the child is exposed "to conditions or circumstances that present a current threat of serious loss or injury" that is nonspeculative and reasonably likely to be realized). Instead, she argues only that the juvenile court should not have taken jurisdiction over B because mother had made a "plan" to have B cared for by her sister, who is functioning as B's resource parent, and the department had failed to establish that B was unsafe in the sister's care.

We have previously held that dependency jurisdiction is not warranted if a parent has entrusted the primary care of their child to another caregiver as long as that arrangement does not expose the child to a current risk of harm. *See Dept. of Human Services v. A. L.*, 268 Or App 391, 400, 342 P3d 174 (2015) ("Because parents have entrusted the primary care of the children to the paternal grandparents, who do not pose a current threat of harm, the court did not have a basis for asserting jurisdiction over the children."). However, "the mere fact that a child is being adequately cared for by a nonparent does not prohibit the court from taking jurisdiction [if] the totality of the child's circumstances expose[s] the child to a current risk of serious loss or injury." *Dept. of Human Services v. A. B.*, 271 Or App 354, 372, 350 P3d 558 (2015).

In contrast to the records in *A. L.* and *A. B.*, this record does not support an inference that mother has entrusted B's care to her sister or that she would abide by that arrangement without court supervision. While mother conceded that her current living situation was "not optimal," she expressed the view that B could live with her "if the

power and water was back." She affirmed that she would be "willing" to allow B to stay with her sister "for the time being" and "would respect that placement," but also said that she did not understand why B had been removed from her care. The record does not suggest that she initiated the plan to place B with her sister—rather, the department did—and does not address whether the sister, who did not testify, had the resources and was willing to care for B without assistance from the department. It is reasonable to infer that, without dependency jurisdiction, mother would take steps to regain physical custody of B without addressing the issues that led to B's removal. *Compare A. L.*, 268 Or App at 394-400 (the record contained evidence that the grandparents had been serving as the children's primary caretakers and that the parents intended that arrangement to continue); *and A. B.*, 271 Or App at 361-62, 372-73 (the record contained evidence that the grandmother had a history of serving as primary caregiver for the child and that the parents had voluntarily ceded care of the child to the grandmother and would respect her serving as the child's caregiver even without court supervision).

Mother relies on *Dept. of Human Services v. M. E.*, 302 Or App 571, 461 P3d 1091 (2020), for the proposition that this case should be remanded for reconsideration. But in that case, we held that the juvenile court "legally erred" when it determined that *A. L.* and *A. B.* did not apply because the third-party arrangements in those cases "predated [the department's] involvement," and we remanded for reconsideration "under the correct legal standard." *Id.* at 575, 577.

Here, the court did not apply an incorrect legal standard. It found that dependency jurisdiction was warranted and, although it did not expressly find that B's welfare would be endangered without oversight of the court and the department, there is evidence in the record to support that finding.

Affirmed.